**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MARTIN, TRUSTEE, | |
| Objector/Appellee, | CIVIL ACTION NO. 15-CV-620 |
| v. | (JUDGE CAPUTO) |
| ERIC LESTER LEINBACH, | CHAPTER 7 |
| Respondent/Appellant. | Bankruptcy #14-04040-JJT |

## MEMORANDUM

Presently before the Court is Eric Lester Leinbach's appeal from a February 19, 2015 Bench Order and March 12, 2015 Order of the United States Bankruptcy Court for the Middle District of Pennsylvania sustaining the Trustee's Objection to his listed exemptions. Because the Bankruptcy Court did not fully address the threshold issue of whether the property Leinbach listed as exempt were part of the estate before determining whether they were properly exempted, the Orders will be vacated and remanded to address the parties' dispute over this issue.

## I. Background

On August 31, 2014, Eric Lester Leinbach (the "Debtor") filed a petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code. On November 23, 2014, he filed an amended Schedule A, B, and C. (Doc. 5-1.) On January 14, 2015, he filed a Second Amended Schedule C. (Doc. 5-2.)

In the Debtor's Amended Schedule B, he set forth his future income in two (2) parts: (1) contingent liquidated claims in the amount of $5,500.00 on line 35 and (2) contingent unliquidated claims in the amount of $43,000.00 on line 21. (Doc. 5-1, at 3-4.) These claims of future income were also set forth as exemptions in the Debtor's Amended Schedule C. (*Id.* at 5; Doc. 5-2.) The contingent *liquidated* claims derived from personal services the Debtor rendered as an attorney, and for which allowances were granted by a

Court award. (Doc. 7, at 3-4.) The Debtor's contingent *unliquidated* claims derived from personal services rendered by the Debtor as an attorney to Chapter 13 clients where allowances had *not* been granted or awarded. (*Id.* at 4.)

On December 29, 2014, and again on January 14, 2015, the Chapter 7 Trustee, John Martin (the "Trustee") filed Objections to the Debtor's Claim of Exemptions. (Docs. 5-3 & 5-4.) Specifically, the Trustee objected to the Debtor's claim of exemption regarding this "future income," arguing that the amounts claimed represent an account receivable of the Debtor that existed as of the date of filing.[1] On February 19, 2015, the Debtor filed a brief in opposition to the Trustee's Objections. (Doc. 5-5.) That same day, a hearing was held, at which the Bankruptcy Court sustained the Trustee's Objections. (Docs. 6 & 7.) On March 6, 2015, the Debtor filed a motion for additional fact-findings and in the alternative, to alter or amend the February 19, 2015 Order sustaining the Objections. (Doc. 5-8.) On March 12, 2015, the Bankruptcy Court issued an Amended Order, again sustaining the Trustee's objection to the extent that the amounts claimed were in fact accounts receivable. (Doc. 5-9.)

On May 18, 2015, the Debtor appealed the Bankruptcy Court's Orders. (Doc. 7.) On June 25, 2015, the Trustee filed a brief in response. (Doc. 8.) However, because the deadline for the Trustee to file his brief was June 18, 2015, his brief was stricken from the record as filed untimely. (Doc. 10; *see also* Fed. R. Bankr. Proc. 8018(2) ("The appellee must serve and file a brief within 30 days after service of the appellant's brief.").) Notwithstanding the fact that the Trustee's brief was stricken from the record, the Debtor filed a reply brief on July 9, 2015. (Doc. 9.) This appeal is now ripe for disposition.

---

[1] The Trustee also made other objections to the Debtor's listed exemptions. However, they have since been withdrawn and the Bankruptcy Court approved the withdrawal of those objections. They are not at issue here on appeal and therefore, they will not be discussed.

2

## II. Jurisdiction

District courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under 28 U.S.C. § 157.  28 U.S.C. § 158(a).  The February 19, 2015 Bench Order and the March 12, 2015 Order complained of by the Debtor constitute final orders, and jurisdiction over the instant matter is therefore appropriate. *See, e.g., Burns v. Malo*, No. 08-1953, 2010 WL 818075, at *1 n.4 (M.D. Pa. Mar. 9, 2010).

## III. Standard of Review

A bankruptcy court's legal conclusions or questions of law are subject to plenary review.  *See In re Modular Structures, Inc.*, 27 F.3d 72, 76 (3d Cir. 1994).  Under this standard, the bankruptcy court's findings of fact are reviewed for clear error, and its decisions of law are reviewed *de novo*.  *In re Anes*, 195 F.3d 177, 180 (3d Cir. 1999) (citing *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992)).

## IV. Discussion

The Debtor raises three (3) issues on appeal:  (1) whether the contingent liquidated future income of the Debtor is property of the estate; (2) whether the contingent unliquidated future income of the Debtor is property of the estate; and (3) to the extent that either of these two (2) incomes are found to be property of the estate, whether they are exempted pursuant to state law under 42 Pa.C.S.A. § 8127, which provides that subject to a few exceptions, "[t]he wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution, or other process." The Debtor also asserts that the Trustee failed to meet his burden of proof to deny the Debtor his exemptions, which are presumptively valid.  *See* Fed. R. Bankr. P. 4003(c) ("In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed.").

First, the Debtor argues that his future income is not part of the bankruptcy estate. Specifically, he argues that his contracts as an attorney with his clients are arguably excluded from the estate because they are for personal, professional services between an attorney and a client, and are therefore neither assignable nor assumable by the Trustee. (Doc. 7, at 12-14 (citing cases); *see also* 11 U.S.C. § 541(a)(6) (providing for an "earnings exception," whereby "earnings from services performed by an individual debtor after the commencement of the case" are not part of the estate).) In the alternative, the Debtor argues if his future income is part of the estate, it is exempt under Pennsylvania law. (Doc. 7, at 8-9; Doc. 5-5, at 9-16; *see also* 42 Pa.C.S.A. § 8127 (providing that subject to a few exceptions, "[t]he wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution, or other process); *Bell v. Roberts*, 150 Pa. Super. 469, 472, 28 A.2d 715 (1942) ("We think the work of the lawyer is within the protection of the [exemption] statute.").)

Here, the parties dispute whether the future income that the Debtor listed under his exemptions (the pre-petition legal fees that the Debtor was owed as of the date of his filing of his chapter 7 bankruptcy case) were property of the estate. Specifically, there is a dispute over whether the earnings in question are for services the Debtor rendered to his Chapter 13 clients **before** or **after** the commencement of his case as understood in the "earnings" exception of section 541 of the Bankruptcy Code. Section 541 defines property of the estate to include, among other things:

> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

11 U.S.C. § 541(a)(6). The Trustee argued that the Debtor's future income amounts were not earnings from services performed **after** the commencement of the case, but money that the Debtor is owed arising from "contracts entered into **prior** to the commencement of the [case]," and therefore are accounts receivable that are property of the estate. (Doc. 5-4,

4

at 2-3 (emphasis added).)  The Debtor argued that accounts receivable is a legally enforceable claim, and that because there has been no award of compensation by the bankruptcy court allowing compensation to him for these fees, there is no legally enforceable claim and therefore the income is not accounts receivable and not part of the estate.  (Doc. 5-5, at 14-15.)  The parties dispute the applicability of a bankruptcy court decision from the Eastern District of Tennessee, *In re Banks*, which addressed the issue of whether a debtor's owed attorney fees are for services rendered ***before*** or ***after*** the commencement of his case, and therefore part of the estate or not.  *See In re Banks*, 170 B.R. 942 (Bankr. E.D. Tenn. 1994).  The Trustee argued that the *Banks* decision supports his position that the Debtor's future income in question is part of the estate.  (Doc. 5-6.)  The Debtor argued that the *Banks* decision is distinguishable on its facts and does not actually support the Trustee's position.  (Doc. 5-5, at 16-21.)

In its Amended Order, the Bankruptcy Court sustained the Trustee's Objection as follows:

> The Trustee's Objection to the Debtor's Amended Claim of Exemption, as listed on his Amended Schedule C, in certain future income, (See Doc. #67 at ¶ 3D), is hereby sustained.
>
> The Court concludes in Chapter 7 the exemption claim is limited to items identified as property of the estate under 11 U.S.C. § 541.  ***To the extent that the Debtor claims these unidentified proceeds are "earnings from services performed . . . after the commencement of the case" as indicated in 11 U.S.C. § 541(a)(6), they are not property of the estate and therefore not exemptible***.  The Debtor offered no additional evidence from which to make more specific findings of fact.

(Doc. 5-9, at 1-2 (emphasis added).) Although the Bankruptcy Court ruled that to the extent that any future income was being claimed by the Debtor as earnings from services performed *after* the commencement of his case, they were not property of the estate and therefore not exemptible, the Bankruptcy Court did not address the parties' dispute over what constituted earnings from services performed after the commencement of the case. Ordinarily, it is simple to determine whether earnings by a debtor are for services he has performed before or after the commencement of his case and therefore whether or not it is part of the estate.  If the work is done before commencement of the debtor's case, the

5

earnings are accounts receivable and therefore property of the estate, and if the work is done after commencement of the case, it is excepted from the estate pursuant to section 541(a)(6).

However, here, in the context of earnings from attorney fees from bankruptcy cases, the issue is somewhat more complex. The Debtor argues that the earnings are *not* from services performed prior to the commencement of his case because those fees are not "earned" until a court award is granted, and such an award has not yet been granted. Therefore, he argues that these earnings fall within the "earnings exception" of section 541 and are not part of the estate. The Trustee argues that the earnings *are* for services performed prior to the commencement of the Debtor's case because they "arise[] out of contracts entered into *prior* to the commencement of the instant bankruptcy filing" and are therefore accounts receivable that are part of the estate. (Doc. 5-4, at 2-3 (emphasis added).) If these earnings are part of the estate, the parties also dispute whether they are properly exempted.

The Bankruptcy Court sustained the Trustee's objection, ruling that to the extent that the Debtor claims these unidentified proceeds are earnings from services performed *after* the commencement of the case, they are not property of the estate and therefore not exemptible. (Doc. 5-9, at 1-2.) However, this does not address the parties' specific dispute of whether these proceeds (the Debtor's future income, both contingent liquidated and contingent unliquidated) were earnings from services performed after the commencement of the case, and therefore within section 541's "earnings exception" and not part of the estate. This issue of whether the earnings are part of the estate is a threshold issue that must be determined before there can be a determination of whether the earnings are properly exempted. *In re Moses*, 167 F.3d 470, 474 (9th Cir. 1999); *see also In re Spirtos*, 992 F.2d 1004, 1007 (9th Cir. 1993) ("Whether Debtor's [assets] are excluded from the estate is a question that should be addressed by the Bankruptcy Court in the first instance. The exemption question arises only if the [property] are first determined to be property of the estate . . . In fact, if the [property in question] are not property of the estate, the

Bankruptcy Court should not make a decision on the exemption question."); *In re Sewell*, 180 F.3d 707, 710 (5th Cir. 1999) ("As the Debtor's in the instant case has claimed–and the bankruptcy and district courts have allowed–the *exclusion* of her beneficial interest in the Plan from her bankruptcy estate, we never reach the issue of *exemptions*: Exemptions come into play only when property is included in the bankruptcy estate and is sought to be used to satisfy claims of creditors; by definition, *excluded* property never forms part of the bankruptcy estate and thus need not be tested for exempt status."). Therefore, the Bankruptcy Court Order will be vacated and remanded to specifically address the threshold issue of whether the contingent liquidated claims in the amount of $5,500.00 and the contingent unliquidated claims in the amount of $43,000.00 listed by the Debtor in his amended schedules are part of the estate.

## V. Conclusion

For the above stated reasons, the Bankruptcy Court's February 19, 2015 Bench Order and March 12, 2015 Order will be vacated and remanded.

An appropriate order follows.


February 3, 2016                              /s/ A. Richard Caputo
Date                                          A. Richard Caputo
                                              United States District Judge